IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA SCIOLI,

  Petitioner,

v.

WARDEN,

  Respondent.

Civil Action No.:  PWG-21-1041

(Related Case: GJH-21-1024)

## MEMORANDUM OPINION

The above entitled action was filed in this Court on April 28, 2021.  Petitioner Dana Scioli is currently confined to the Eastern Shore Hospital Center after he was found not competent to stand trial on April 14, 2021.  *See State v. Scioli*, Case No. C-06-CR-20-000446 (Cir. Ct. Carroll Co. Md.) at http://casesearch.courts.state.md.us/casesearch/, *see also Scioli v. St. of Md.*, Civil Action GJH-21-1024 at ECF 1-1.

The pleading filed states no cognizable claim of entitlement to federal habeas relief, nor does it state a federal cause of action.  Rather, the pleading raises incomprehensibly bizarre allegations that the "hospital cost another life.  This time in MN."  ECF No. 1 at 1.  Petitioner claims he predicted the alleged murder would occur almost a year ago on his Facebook page and that the "County government would use strikers to stop my passage of Bullet Scioli (guinea pig) and myself from entering into Canada to claim asylum from torture in the United States."  *Id*.  He claims that the United States government has "chosen to try to murder me for crimes I have not committed or even been tried by an American jury."  *Id*.  He further states that in his "attempt to enter back into Earth and work as a Harvard Grad (law) I started a cryogenic to adjust (linguistics) NASA will tell you . . . [illegible] . . . adjustment is difficult."  *Id*. at 2.  The remainder of the pleading contains equally bizarre and nonsensical statements.

Petitioner is in state custody because his mental illness renders him unable to stand trial. Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for writ of habeas corpus in a state circuit court located in the county where he resides or where the facility is located. *See* Md. Health Gen. Code Ann., § 10-804, *see also* Md. Cts & Jud. Proc., Code Ann. § 3-704. Maryland law allows a criminal defendant to appeal an incompetency determination. *See Jolley v. State*, 384 A.2d 91, 94 (Md. 1978).

Petitioner has not challenged his commitment order in state court. Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). To the extent that Petitioner claims that he is illegally confined, that claim may be litigated in a state forum without harm to Petitioner's constitutional

rights. To the extent that Petitioner is attempting to litigate claims that are clearly a function of his serious mental illness, those claims are not properly raised.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

 

_May 20, 2021_____  
Date

            _/S/_____  
Paul W. Grimm  
United States District Judge